



RECEIVED
4/13/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GARY GOLDMAN and MILES A. GOLDMAN,
individually,

Plaintiffs,

v.

JAQUAN D. SAVAGE (aka JUAQUAN D.
SAVASGE, aka JUAQUAN DMARCUS
SAVAGE),
ZACHARIE D. NACCARATO (aka ZACH
VO, aka ZACHARIE DEMETRI NACCARATO),
SANDY NGUYEN VO (aka SANDY N. VO,
aka SANDY VO),
ZENCASA GROUP, LLC,
AIRBNB, INC.,
AIRBNB PAYMENTS, INC.,

Defendants.

Case No.: _____

1:26-cv-04097
Judge Edmond E. Chang
Magistrate Judge Heather K. McShain
RANDOM, CAT 2

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is a civil action arising from severe head, neck, and bodily injuries sustained by Plaintiffs Gary Goldman and Miles A. Goldman while lawfully renting a residential property at 6445 S Drexel Avenue, Chicago, Illinois through Defendants Airbnb, Inc. and Airbnb Payments, Inc.

2. The property had been illegally renovated without required building permits and had never passed final inspections by the City of Chicago Department of Buildings. The interior stairs and basement ceilings—where Plaintiffs sustained serious head and neck trauma—were constructed and altered without permits and never inspected for safety, head clearance, or code compliance.

1

3. Defendant Zencasa Group, LLC, acting as the rental agent and property manager, placed Plaintiffs and their family in this unsafe, illegally altered property.
4. Defendants Airbnb, Inc. and Airbnb Payments, Inc. failed to properly supervise the property selection process, failed to vet their management partners (including Zencasa Group, LLC, Zach Vo and Sandy Vo), and accepted payment for a property that was never approved for occupancy.
5. Defendants knowingly rented this unsafe, illegally altered property to Plaintiffs and their family, creating a dangerous condition that resulted in severe, permanent injuries and substantial medical expenses.

## II. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to **28 U.S.C. § 1332** because Plaintiffs are citizens of Georgia and California, Defendants are citizens of Illinois, Indiana, Florida, California, and/or Delaware, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.
7. Venue is proper in the Northern District of Illinois pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to this claim occurred in Chicago, Illinois, and Defendants reside or do business in this district.

## III. PARTIES

8. **Plaintiff Gary Goldman** is an individual residing at 936 Red Wolf Court, Dacula, Georgia.
9. **Plaintiff Miles A. Goldman** is an individual residing at 6650 Craner Ave., North Hollywood, CA 91606. His email is miles.a.goldman@gmail.com and. Miles A. Goldman is the adult son of Gary Goldman and was a lawful occupant of the subject property during the rental period.
10. **Defendant Jaquan D. Savage** (also known as Juaquan D. Savasge, also known as Juaquan Dmarcus Savage) is an individual who, upon information and belief, is a resident of Illinois and is the owner of the subject property located at 6445 S Drexel Avenue, Chicago, Illinois. He may be served at his residence at 6445 S. Drexel Ave., Chicago, IL 60637, or at his business address at 2303 45th Street, Highland, Indiana 46322.
11. **Defendant Zacharie D. Naccarato** (also known as Zach Vo, also known as Zacharie Demetri Naccarato) is an individual who, upon information and belief, is a resident of Florida and is the CEO and a co-owner of Zencasa Group, LLC, the rental agent for the subject property. He may be served at his residence at 27123

2

Sunnybrook Rd., #A, Punta Gorda, FL 33983 or business address of 4927 San Jose Dr., Sarasota, FL 34235-4421.

12. **Defendant Sandy Nguyen Vo** (also known as Sandy N. Vo, also known as Sandy Vo) is an individual who, upon information and belief, is a resident of Florida and is a co-owner of Zencasa Group, LLC, the rental agent for the subject property. She may be served at 4927 San Jose Dr., Sarasota, FL 34235-4421.

13. **Defendant Zencasa Group, LLC** is a Florida limited liability company with its principal place of business at 4927 San Jose Dr., Sarasota, FL 34235-4421. Its registered agents are Zacharie D. Naccarato and Sandy Nguyen Vo. Zencasa Group, LLC acted as the rental agent and property manager for the subject property.

14. **Defendant Airbnb, Inc.** is a Delaware corporation with its principal place of business in San Francisco, California. Airbnb, Inc. operates a platform that lists, markets, and facilitates short-term rentals of residential properties, including the subject property. Airbnb, Inc. is authorized to do business in Illinois and does substantial business in the Northern District of Illinois. Its registered agent for service of process is Rebecca Vang at 2710 Gateway Oaks Dr., Sacramento, CA 95833.

15. **Defendant Airbnb Payments, Inc.** is a Delaware corporation that processes payments for rentals made through the Airbnb platform. Airbnb Payments, Inc. accepted payment from Plaintiffs for the rental of the subject property. Its registered agent for service of process in Illinois is Illinois Corporation Service Company at 801 Adlai Stevenson Dr., Springfield, IL 62703-4261.

## IV. FACTUAL ALLEGATIONS

### A. The Property and Its Illegal Renovation

16. The subject property is a single-family home located at 6445 S Drexel Avenue, Chicago, Illinois 60637.

17. On or about January 11, 2017, Defendant Jaquan D. Savage obtained Building Permit #100681281 from the City of Chicago Department of Buildings. The permit described the scope of work as: "INTERIOR RENOVATION OF AN EXISTING SINGLE FAMILY, A-1. CURRENT OCCUPANCY IS UNCHANGED. NEW INTERIOR STAIR, REPLACE DRYWALL, REPLACE INTERIOR DOORS AND INTERIOR FINISHES. MODIFIED PLUMBING, ELECTRICAL AND HVAC (conditional permit subject to field inspections)."

18. Permit #100681281 was never finalized. No final inspection was ever conducted or passed. The City of Chicago never issued a certificate of occupancy for the renovated property.

3

19. During the renovation, Defendant Savage also lowered the basement ceilings—a structural alteration that required a separate building permit.
20. Defendant Savage never applied for or obtained any permit to lower the basement ceilings. This work was performed entirely outside the legal permitting process.
21. From 2017 through 2024, the City of Chicago conducted multiple inspections of the property, all of which revealed serious code violations and failures:

| Date | Inspection # | Type | Status |
| --- | --- | --- | --- |
| 05/15/2017 | 12256271 | Electrical Permit Inspection | FAILED |
| 06/28/2017 | 12260348 | Electrical Permit Inspection | FAILED |
| 08/01/2017 | 12301499 | DOB Vent/Furnace Inspection | FAILED |
| 08/01/2017 | 12090206 | DOB Vent/Furnace Inspection | FAILED |
| 08/17/2017 | 12301491 | DOB Vent/Furnace Inspection | FAILED |
| 08/17/2017 | 12301509 | DOB Vent/Furnace Inspection | FAILED |
| 08/30/2024 | 12300701 | Electrical Permit Inspection | CLOSED (violations remain) |
| 06/29/2024 | 12311092 | DOB Vent/Furnace Inspection | CLOSED (violations remain) |

22. Violation EL0085 was issued against the property for:

- o "Failure to respond to defect letter sent 5/23/17 results in immediate suspension of permitting privileges"
- o "Contractor to be present at all inspections as per 13-12-170"
- o "Contractor failed to show for requested and scheduled appointment"

4

23. Violation VT1010 was issued repeatedly for failure to arrange final mechanical ventilation and warm air heating system inspections.

24. As recently as August 2024—four months after Plaintiffs' injuries—inspections were conducted and violations remained outstanding.

25. At no time prior to Plaintiffs' rental did the property receive a certificate of occupancy or final approval from the City of Chicago.

## B. The Rental Agents and Airbnb Defendants

26. Defendant Zencasa Group, LLC, through its co-owners Zacharie D. Naccarato (Zach Vo) and Sandy Nguyen Vo, acted as the rental agent and property manager for the subject property.

27. Zencasa Group, LLC listed the property on the Airbnb platform and facilitated Plaintiffs' rental of the property.

28. Defendant Airbnb, Inc. operates a platform that allows hosts to list properties for short-term rental. Airbnb, Inc. has a duty to ensure that properties listed on its platform are safe, habitable, and compliant with local laws.

29. Airbnb, Inc. failed to properly supervise its management partners, including Zencasa Group, LLC and Zach Vo, and failed to vet the subject property for compliance with Chicago building codes.

30. Defendant Airbnb Payments, Inc. processed Plaintiffs' payment for the rental of the subject property. Airbnb Payments, Inc. accepted payment for a property that was never approved for occupancy and that did not comply with Chicago building codes.

## C. Plaintiffs' Rental and Stay

31. In March 2024, Plaintiffs' mother-in-law and grandmother, Geraldine Ternoir, passed away in Conyers, Georgia. Plaintiffs and their family planned a memorial service in Chicago for approximately 45 days later to accommodate family traveling from France, California, and Colorado.

32. On April 1, 2024, Gary Goldman's wife and Miles Goldman's mother, Jodie, underwent rotator cuff surgery on her right shoulder—a procedure requiring approximately one year for full recovery with daily physical therapy—and was prescribed oxycodone for severe post-surgical pain.

33. On or about February 10, 2024, Jodie and Gary Goldman placed a reservation deposit on the subject property through the Airbnb platform. Airbnb Payments, Inc. processed Plaintiffs' full payment for the rental on March 6, 2024 and April 22, 2024.

34. Upon arrival on April 17, 2024, Plaintiffs and their family observed multiple safety hazards, including:

5

- o Sharp wood screws protruding from doors in lieu of coat hangers
- o Jagged nails protruding from wooden handrails on the back porch steps
- o Homemade, razor-sharp end-caps on bedposts

35. Gary Goldman's wife, Jodie, documented these hazards in a text message to Defendant Zach Vo.

### D. Gary Goldman's Injuries

36. In the early morning hours of April 17, 2024, Gary Goldman's wife awoke in severe pain and asked him to bring her an ice pack and her next dose of medication.

37. As Gary Goldman returned to the left side of the bed, his left leg struck a corner bedpost with a razor-sharp cap, causing immediate bone bruising, severe pain, and a 3–4 inch open laceration to his chin with golf ball-sized swelling. He dropped the water bottle and medications and laid stunned on the floor.

38. Later that morning, Gary Goldman descended to the basement to wake his sons before scheduling an appointment at urgent care.

39. As Gary Goldman ascended the stairs from the basement, his head made violent contact with the ceiling, forcing his chin into his chest and compressing his cervical spine. His knees buckled from the impact.

40. During the one-week stay, Gary Goldman struck his head on the same low ceiling three to four additional times.

41. The dangerous head clearance on the basement stairs was a direct result of Defendant Savage's unpermitted, uninspected lowering of the basement ceilings and unpermitted, uninspected installation of new interior stairs.

42. At the time of these incidents, Gary Goldman was:

- o Grieving his mother-in-law's recent passing
- o Caring for his wife who was approximately two weeks post-surgery and in severe pain, requiring assistance with medication and ice packs
- o Sleep-deprived from attending to his wife's needs throughout the night
- o Coordinating family members traveling from three continents for the memorial service

### E. Miles Goldman's Injuries

43. During the same one-week stay, Plaintiff Miles A. Goldman also ascended the basement stairs on multiple occasions.

44. On at least three to four separate occasions, Miles Goldman struck his head on the same low ceiling with sufficient force to cause pain and injury.

45. Miles Goldman did not have health insurance at the time of the injuries and could not afford to seek medical treatment.

46. Despite the lack of formal medical treatment, Miles Goldman has continued to suffer from:

   o Chronic neck pain
   o Frequent migraine headaches
   o Limited range of motion in his neck
   o Ongoing discomfort that began immediately after the April 2024 incidents and has persisted to the present

47. Miles Goldman's injuries were directly caused by Defendants' unpermitted, uninspected lowering of the basement ceilings and unpermitted, uninspected installation of new interior stairs.

## F. Medical Treatment and Damages – Gary Goldman

48. Gary Goldman sought and received extensive medical treatment for his injuries, including but not limited to:

   o Emergency urgent care
   o Multiple orthopedic surgeries with Resurgens Orthopedics
   o Multiple facility procedures at Resurgens East Surgery Center
   o Anesthesia services
   o Physical therapy at ESOP Rehabilitation, LLC
   o Chiropractic care with Steven T. Wilder, D.C.
   o Ear, nose, and throat specialist care with South Atlanta Ear Nose & Throat, PC
   o Diagnostic imaging with Summit Radiology Services and Synergy Radiology, LLC
   o Prescription medications for pain and inflammation

49. Gary Goldman's total gross medical charges exceed $80,861.58.

50. Gary Goldman has paid out-of-pocket costs in excess of $2,801.18.

51. Gary Goldman has sustained permanent scarring to his chin.

52. Gary Goldman has sustained permanent numbness and loss of feeling below both ears.

53. Gary Goldman continues to suffer from:

   o Chronic headaches
   o Neck pain and stiffness
   o Limited range of motion in his cervical spine
   o Ongoing need for medical monitoring and potential future treatment

## G. Damages – Miles Goldman

54. Miles Goldman has incurred no medical expenses to date due to his lack of health insurance and inability to pay.
55. Miles Goldman has sustained and continues to suffer from:

   o  Chronic neck pain
   o  Frequent migraine headaches
   o  Limited range of motion
   o  Pain and suffering
   o  Loss of enjoyment of life

56. Miles Goldman's injuries are permanent and ongoing.


## V. CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE
### (Against Jaquan D. Savage – On Behalf of Both Plaintiffs)

57. Plaintiffs incorporate paragraphs 1 through 56 as if fully set forth herein.
58. Defendant Savage owed Plaintiffs a duty of care to maintain the subject property in a reasonably safe condition and to disclose known hazards to guests.
59. Defendant Savage breached that duty by:

   o  Performing unpermitted and uninspected renovations, including lowering basement ceilings without a permit
   o  Installing new interior stairs without final inspection
   o  Failing to obtain a certificate of occupancy
   o  Failing to correct dangerous head clearance conditions
   o  Renting the property despite knowledge of outstanding code violations dating back to 2017
   o  Failing to warn Plaintiffs of the dangerous condition

60. Defendant Savage's breaches of duty were the direct and proximate cause of Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Jaquan D. Savage in an amount exceeding $75,000.00, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

### COUNT II – NEGLIGENCE
### (Against Zencasa Group, LLC, Zacharie D. Naccarato, and Sandy Nguyen Vo – On Behalf of Both Plaintiffs)

61. Plaintiffs incorporate paragraphs 1 through 60 as if fully set forth herein.

8

62. Defendants Zencasa Group, LLC, Zacharie D. Naccarato, and Sandy Nguyen Vo acted as rental agents and property managers for the subject property.
63. These Defendants owed Plaintiffs a duty of care to ensure the property was safe and habitable before renting it to them.
64. These Defendants breached that duty by:

- Placing Plaintiffs in a property that had never passed final inspections
- Failing to inspect the property for dangerous conditions
- Failing to warn Plaintiffs of the low head clearance on the basement stairs
- Renting the property despite knowledge of its illegal renovation status

65. These Defendants' breaches of duty were the direct and proximate cause of Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Zencasa Group, LLC, Zacharie D. Naccarato, and Sandy Nguyen Vo, jointly and severally, in an amount exceeding $75,000.00, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE PER SE
### (Against Jaquan D. Savage – On Behalf of Both Plaintiffs)

66. Plaintiffs incorporate paragraphs 1 through 65 as if fully set forth herein.
67. The City of Chicago Municipal Code and Chicago Building Code establish minimum safety standards for residential properties.
68. Defendant Savage violated the following provisions of the Chicago Building Code:

| Code Section | Violation |
|---|---|
| § 13-12-100 | Failure to obtain required inspections |
| § 13-12-170 | Contractor failed to be present for inspections |
| § 13-12-430 | Failure to respond to defect letter |
| § 13-32-302(a)(12)(i) | Contractor failed to show for scheduled appointment |
| § 13-176-310 | Failure to arrange required mechanical/furnace inspections |
| § 13-184-140 | Failure to arrange required inspections |

69. These code violations constitute negligence per se under Illinois law.

9

70. Plaintiffs are within the class of persons the Chicago Building Code was designed to protect—lawful occupants of residential properties.
71. Defendant Savage's violations of the Building Code were the direct and proximate cause of Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Jaquan D. Savage in an amount exceeding $75,000.00, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT IV – WILLFUL AND WANTON CONDUCT
**(Against Jaquan D. Savage, Zencasa Group, LLC, Zacharie D. Naccarato, and Sandy Nguyen Vo – On Behalf of Both Plaintiffs)**

72. Plaintiffs incorporate paragraphs 1 through 71 as if fully set forth herein.
73. These Defendants acted with a conscious disregard for the safety of Plaintiffs and other guests by:

- o Knowingly renting a property that had never passed final inspections
- o Knowingly renting a property with unpermitted structural alterations (lowered ceilings, new stairs)
- o Failing to correct code violations despite multiple failed inspections dating back to 2017
- o Failing to disclose the illegal and dangerous condition of the property to Plaintiffs

74. This conduct was willful and wanton under Illinois law, evincing a deliberate intention to harm or an utter indifference to or conscious disregard for the safety of others.
75. This conduct was a direct and proximate cause of Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs demand judgment against these Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT V – NEGLIGENT SUPERVISION
**(Against Airbnb, Inc. – On Behalf of Both Plaintiffs)**

76. Plaintiffs incorporate paragraphs 1 through 75 as if fully set forth herein.
77. Airbnb, Inc. operates a platform that allows hosts and rental agents to list properties for short-term rental.

78. Airbnb, Inc. has a duty to properly supervise its management partners, including Zencasa Group, LLC and Zach Vo, and to ensure that properties listed on its platform comply with local laws and safety standards.

79. Airbnb, Inc. breached that duty by:

- o Failing to vet the subject property for compliance with Chicago building codes
- o Failing to inspect or require inspection of the property
- o Continuing to list the property despite red flags regarding its legality
- o Failing to supervise its management partners who placed Plaintiffs in an unsafe property

80. Airbnb, Inc.'s breaches of duty were a direct and proximate cause of Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Airbnb, Inc. in an amount exceeding $75,000.00, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT VI – NEGLIGENT MISREPRESENTATION
## (Against Airbnb, Inc. – On Behalf of Both Plaintiffs)

81. Plaintiffs incorporate paragraphs 1 through 80 as if fully set forth herein.

82. Airbnb, Inc. represented to Plaintiffs and other potential renters that properties listed on its platform are safe, habitable, and compliant with local laws.

83. In truth, the subject property was not safe, not compliant with the Chicago Building Code, and had never been approved for occupancy.

84. Airbnb, Inc. knew or should have known of these deficiencies. Alternatively, Airbnb, Inc. deliberately ignored red flags to maximize listing revenue.

85. Airbnb, Inc. made these representations with the intent that Plaintiffs rely upon them.

86. Plaintiffs justifiably relied on Airbnb, Inc.'s representations and rented the property.

87. As a direct result, Plaintiffs sustained severe injuries and economic damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Airbnb, Inc. in an amount exceeding $75,000.00, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT VII – UNJUST ENRICHMENT
## (Against Airbnb Payments, Inc. – On Behalf of Both Plaintiffs)

88. Plaintiffs incorporate paragraphs 1 through 87 as if fully set forth herein.

11

89. Airbnb Payments, Inc. accepted payment from Plaintiffs for the rental of the subject property.
90. The property was illegally renovated, never approved for occupancy, and unsafe for habitation.
91. Airbnb Payments, Inc. was unjustly enriched by accepting payment for a property that did not meet minimum safety and legal standards.
92. In equity and good conscience, Airbnb Payments, Inc. should not retain the benefits conferred upon it by Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Airbnb Payments, Inc. for restitution of all amounts paid for the rental of the subject property, plus interest, costs, and such other relief as this Court deems just and proper.

### COUNT VIII – FRAUDULENT CONCEALMENT
### (Against All Defendants – On Behalf of Both Plaintiffs)

93. Plaintiffs incorporate paragraphs 1 through 92 as if fully set forth herein.
94. Defendants knew or should have known of the illegal renovations, failed inspections, and dangerous head clearance conditions at the property.
95. Defendants intentionally concealed these material facts from Plaintiffs to induce them to rent the property.
96. Plaintiffs reasonably relied on the absence of disclosure and rented the property.
97. As a direct result, Plaintiffs sustained severe injuries and economic damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gary Goldman and Miles A. Goldman pray that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

**A.** Compensatory damages against **all Defendants, including Airbnb, Inc. and Airbnb Payments, Inc.** , in an amount exceeding $75,000.00, to be proven at trial;

**B.** Punitive damages against Defendants Savage, Zencasa Group, LLC, Naccarato, Vo, **and Airbnb, Inc.** for willful and wanton conduct and fraudulent concealment;

**C.** Restitution from Airbnb Payments, Inc. for all amounts paid for the rental;

12

**D.** Pre-judgment and post-judgment interest as allowed by law;

**E.** Costs of suit; and

**F.** Such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,


**GARY GOLDMAN, Pro Se**


**MILES A. GOLDMAN, Pro Se**


**Gary Goldman's Address:**
936 Red Wolf Court, Dacula, GA 30019
(678) 895-6500
goldrush2@att.net

**Miles Goldman's Address:**
6650 Craner Ave., North Hollywood, CA 91606
(404) 886-9393
miles.a.goldman@gmail.com

**Dated:** __4 / 7__ , 2026



**US POSTAGE PAID IMI**
2026-04-07
91606
C5840665
Commercial
2.0 LB ZONE 7

 easypost

0901000018618

**USPS GROUND ADVANTAGE™**

RECEIVED

GARY GOLDMAN
936 RED WOLF CT
DACULA GA 30019-7429

**0001**

APR 13 2026

C005

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

SHIP TO:  EVERETT MCKINLEY DIRKSEN USDC / CLERK
EASTERN DIVISION-CHICAGO
219 S DEARBORN ST
CHICAGO IL 60604-1702

**USPS TRACKING #**



9434 6361 0619 6313 5423 65



